IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARK HAYNES | : | NO. 15-100 |

ORDER

AND NOW, this 17th day of April, 2015, upon consideration of defendant Mark Haynes's motion to dismiss count 1 of the indictment (docket entry #22) and the Government's response in opposition thereto, and the Court finding that:

(a) On March 12, 2015, a federal grand jury in the Eastern District of Pennsylvania returned an indictment against defendant Mark Haynes on six counts;

(b) Count 1 of the indictment charged Haynes with violating 18 U.S.C. § 2422(b), which makes it a crime to use or attempt to use a facility and means of interstate commerce to persuade, induce, entice, or coerce a minor to engage in prostitution "or any sexual activity for which any person can be charged with a criminal offense;"

(c) Haynes moves to dismiss Count 1 of the indictment as facially insufficient, alleging that it fails to identify a separate state or federal crime under which Haynes could be prosecuted as an element of a violation of 18 U.S.C. § 2422(b), see Def. Mem. at 2;

(d) The Government opposes Haynes's motion, arguing that the discovery it has provided, including "criminal complaints out of Chester County, Pennsylvania that charged the defendant" with violations of specific Pennsylvania laws gives the defendant sufficient notice, see Gov't Resp. at 5;

    (e)  The Government has also provided defense counsel with written notification of the federal and state statutes that the Government might rely upon at trial as the underlying criminal violations for 18 U.S.C. § 2422(b), see Gov't Resp. Ex. A (Apr. 16, 2015 Letter from AUSA Michelle Rotella to Alan Tauber, Esq.) (listing 18 Pa.C.S. §§ 6318, 6312, 6301 and 18 U.S.C. § 2251(a) as "one or more" statutes the Government might use as the basis for the charge in Count 1);

    (f)  An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged," Fed. R. Crim. P. 7(c)(1);

    (g)  The defense or objection that an indictment is defective must be raised in a pretrial motion if the basis for the motion is reasonably available at that time and the motion can be determined without a trial on the merits, see Fed. R. Crim. P. 12(b)(3)(B);

    (h)  A facially sufficient indictment (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution, United States v. Stock, 728 F.3d 287, 292 (3d Cir. 2013) (explaining further that a recitation of the statutory language usually satisfies the first requirement "so long as there is sufficient factual orientation to permit a defendant to prepare his defense and invoke double jeopardy"); see also Russell v. United States, 369 U.S. 749, 763 (1962) (explaining how elements (1) and (2) protect the accused);

    (i)  An indictment "is sufficient if it substantially follows the language of the criminal statute, provided that its generality does not prejudice a defendant in preparing his defense nor endanger his constitutional guarantee against double jeopardy," United States v. Eufrasio, 935 F.3d 553, 575 (3d Cir. 1991);

(j)     To prove a violation of 18 U.S.C. § 2422(b), the Government must prove that the defendant knowingly (1) attempted to (2) persuade, induce, entice, or coerce (3) a person under 18 years of age (4) to engage in sexual activity that would constitute a criminal offense, United States v. Tello, 600 F.3d 1161, 1164-65 (9th Cir. 2010) (explaining further that the fourth element of the statute requires the Government to show that the completed sexual activity would have constituted a separate criminal offense under state or federal law); see also United States v. Lanzon, 639 F.3d 1293, 1297 (11th Cir. 2011) (explaining that the Government was forced to file a superseding indictment after the first indictment for violating 18 U.S.C. § 2422(b) was dismissed for lack of specificity regarding the applicable portion of the listed Florida statute); United States v. Patten, 397 F.3d 1100, 1103-04 (8th Cir. 2005) (discussing the relevance of North Dakota and Minnesota law to the alleged illegality of the sexual acts the defendant attempted to persuade a minor to engage in);

(k)     Our Court of Appeals and others have not addressed the precise question of whether an indictment for a violation of 18 U.S.C. § 2422(b) must include the specific state or federal law that satisfies the fourth element of that offense, see, e.g., United States v. Berk, 652 F.3d 132, 138-39 (1st Cir. 2011) (declining to hold whether there was such a requirement and instead determining whether the absence of such information in the indictment prejudiced the defendant); see also id. at 138 (collecting cases to demonstrate that other Courts of Appeals also have not spoken to the precise issue of whether the Government is required to specify in an indictment what law is implicated under the fourth element of 18 U.S.C. § 2422(b));

(l)     Given the procedural posture in this case, we are persuaded that the actual law or laws the Government intends to demonstrate Haynes would have violated as part of an

alleged violation of 18 U.S.C. § 2422(b) is an essential component of fair notice to Haynes of "what he must be prepared to meet," Stock, 728 F.3d at 292;

 (m) The fourth element of 18 U.S.C. § 2422(b) requires proof that the sexual activity Haynes attempted to persuade the alleged minor victim or victims to engage in was illegal sexual activity on the basis of another state or federal law, and so Haynes cannot know from the text of the statute alone -- and therefore from the face of the indictment charging a violation of Section 2422(b) using only the statutory language -- an essential element of the crime of which he is accused, potentially impeding his defense;

 (n) Indeed, while indictments need not include specific details, the generality must not prejudice a defendant in preparing his defense, Eufrasio, 935 F.3d at 575;

 (o) While the discovery provided to Haynes may have provided clues regarding the Government's intentions, and the Government's letter to defense counsel attempts to rectify the omission in the indictment, exogenous documents do not cure facial defects in the indictment itself; and

 (p) We will therefore dismiss Count 1 of the indictment.

It is hereby ORDERED that:

1. Defendant's motion to dismiss count 1 of the indictment (docket entry #22) is GRANTED; and

2. Count 1 of the indictment (docket entry #14) is DISMISSED.

        BY THE COURT:

        /s/ Stewart Dalzell, J.