IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :
     :
    v.      :      CRIMINAL NO. 15-100
     :
MARK HAYNES      :

**MEMORANDUM**

**SURRICK, J.**　　　　　　　　　　　　　　　　　　　　　　**APRIL 27, 2026**

Mark Haynes ("Haynes") moves for compassionate release for a second time under 18 U.S.C. § 3582(c)(1)(A)(i).[1]  In his Motion for Compassionate Release filed March 19, 2025 (the "Motion," ECF No. 69), Haynes claims that since filing his last such motion in June of 2020, he has turned 65 years of age, completed 11 years of his 20-year sentence, experienced two heart attacks,[2] and developed a variety of new medical conditions.  (Mot. at 4–6.)  Despite his new medical conditions, his age, and his time served, we find that Haynes does not meet the high bar for compassionate release.  For the following reasons, the Motion will be denied.

## I.　BACKGROUND

Because the Court writes only for the parties, we rely on the factual background outlined in this Court's August 17, 2020 Memorandum addressing Haynes's last motion for compassionate release. (*See* ECF No. 65 (on file with Court).)  That background recounts the "disturbing" facts relating to Haynes's conviction of child exploitation crimes committed while he was serving as a

---

[1] Haynes also previously moved for compassionate release under 18 U.S.C. § 3582(c)(2).  His motion was denied.  (*See* ECF No. 56.)

[2] As the Government's opposition correctly notes, Haynes's medical records show that he suffered only a single heart attack, contrary to Haynes's assertion.  (*See* ECF No. 71, Ex. A (on file with Court).)

1

pastor at a Catholic church in West Chester, Pennsylvania, and we need not recount them here. (*Id.*)

An inmate at FCI Elkton for the past 11 years, Haynes presents several medical conditions that he claims qualify him for compassionate release.  He uses a walker, is obese, and suffers from sleep apnea, for which he uses a CPAP machine.  (ECF No. 82-1 (on file with Court).)  In addition, he is medicated to control Vitamin D deficiency, benign hypertrophy of prostate ("BPH"), hypertension, hyperlipidemia, glaucoma, and anxiety.  (*Id.*)  Recently, he was diagnosed with moderate osteoarthritis, a severe degree of degenerative disc space in his spine, and a 33% chance of developing prostate cancer.  (*Id.*; ECF No. 81.)  Just last year, he was treated for kidney stones and suffered from a urinary tract infection.  (ECF No. 82-1 (on file with Court); ECF No. 85.)  A recent CT also revealed signs of emphysema and partial lung collapse.  (ECF No. 81.)

## II.    LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the Court may modify a term of imprisonment on the defendant's motion after the defendant has exhausted his administrative remedies.[3]

---

[3] To exhaust administrative remedies, the statute requires that a defendant first request that the warden of the defendant's facility file a motion for compassionate release with the Court on his behalf. Only after the warden denies such a request and the defendant "has fully exhausted all administrative rights to appeal" that decision, or after 30 days has passed from submission of such request, whichever is earlier, may the defendant file his own motion with the Court. 18 U.S.C. § 3582(c)(1)(A); *United States v. Raia*, 954 F.3d 594, 595–96 (3d Cir. 2020).  Haynes submitted a request to his warden on February 24, 2025.  On March 13, 2025, Haynes's request to the warden was denied, and on March 19, 2025, he filed the Motion presently before us.  (Mot. at 3.)  This means the Motion was filed 23 days after Haynes's request was submitted—fewer than 30 days after Haynes's request to his warden was made.  The only way Haynes could have satisfied the exhaustion requirement, then, was to "fully exhaust[] all administrative rights to appeal" in the six days between the warden's denial of his request and his filing the Motion. *See*, *e.g.*, *United States v. Saladino*, 7 F.4th 120, 124 (2d Cir. 2021) (explaining that if the warden timely responds to the inmate's request, the inmate must "satisfy the same exhaustion procedure that applies to routine administrative grievances, which would include appeals to both the appropriate Regional Director and the BOP General Counsel") (internal quotation marks and citation omitted).  It is not clear on the record before us whether Haynes sought administrative appeal of the warden's denial, much less fully exhausted his rights.  Thus, we cannot conclusively say whether Haynes satisfied the exhaustion requirement.  We note

The statute permits a court to modify an imposed term of imprisonment under Subsection (c)(1)(A)(i) "after considering the factors set forth in section 3553(a) to the extent that they are applicable," only "if it finds that [ ] extraordinary and compelling reasons warrant such a reduction," and if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S. § 5382(c)(1)(A)(i).  Therefore "a motion for compassionate release raises three questions: (1) whether there are 'extraordinary and compelling reasons' for modifying an imposed term of imprisonment; (2) whether a new sentence would be consistent with the factors set forth in 18 U.S.C. § 3553(a); and, (3) whether a new sentence would be consistent with any applicable policy statements." *United States v. Carter*, 711 F. Supp.3d 428, 434–35 (E.D. Pa. 2024) (quoting 18 U.S. § 5382(c)(1)(A)(i)) (citing *United States v. Pawlowksi*, 967 F.3d 327, 329 (3d Cir. 2020)), *aff'd*, 2024 WL 5339852 (3d Cir. Dec. 2, 2024), *cert. granted*, 145 S. Ct. 2775 (2025).

Congress delegated to the Sentencing Commission the power to promulgate "general policy statements regarding the sentencing modification provisions in" 18 U.S.C. § 3582(c)(1)(A), which "shall describe what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t).  Generally, the Commission's policy statements are binding on courts. *See generally United States v. Rutherford*, 120 F.4th 360, 375 (3d Cir. 2024) (citing *United States v. Berberena*, 694 F.3d 514, 522 (3d Cir. 2012)).  The defendant bears the burden of proving that extraordinary and compelling reasons exist. *See United States v. DiCrecchio*, No. 21-83, 2025 WL 1534962, at *1 (E.D. Pa. May 29, 2025).

that the Third Circuit Court of Appeals has required "strict compliance" with the exhaustion requirement and has instructed that failure to comply presents a "glaring roadblock" to compassionate release. *Raia*, 954 F.3d at 597.  However, because the government does not contest the exhaustion requirement here, we will assume that either Haynes fully exhausted his administrative rights to appeal or the government has forfeited this defense. *See, e.g.*, *United States v. Fields*, 569 F. Supp. 3d 231, 236 (E.D. Pa. 2021) ("As the government has not asserted failure to exhaust as an affirmative defense, it is forfeited.").

3

III.    DISCUSSION

a. **Haynes Has Not Shown Extraordinary and Compelling Reasons for Compassionate Release.**

As the basis for his Motion, Haynes cites U.S.S.G. § 1B1.13(b)(2), a policy statement within the Sentencing Commission's Federal Sentencing Guidelines, which provides that extraordinary and compelling reasons for compassionate release exist when the defendant "(A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G § 1B1.13(b)(2).

The government does not dispute Haynes's age or the fact that he has served more than 10 years of his sentence. The only disputed issue is whether Haynes is "experiencing a serious deterioration in physical or mental health because of the aging process." U.S.S.G. § 1B1.13(b)(2)(B).

Determining whether Haynes is experiencing a serious deterioration in physical health because of the aging process "requires a fact-specific analysis." *United States v. Ordaz*, No. 98-587, 2024 WL 4880748, at *10 (E.D. Pa. Nov. 25, 2024). The deterioration in Haynes's health "must be 'serious,' impairing basic human functions." *Id.* (citing *United States v. Brunetti*, No. 94-127-13, 2020 WL 4516541, at *7 (E.D. Pa. July 31, 2020)); *but see United States v. Castillo*, No. 23-6229, 2025 WL 100625, at *1–2 (2d Cir. Jan. 15, 2025) (remanding lower court decision for clarification, noting that U.S.S.G. § 1B1.13(b)(2)'s "serious deterioration" factor does not explicitly require impairment of a defendant's basic human functions).

Haynes argues that there are multiple ways in which he is experiencing a serious deterioration in physical health. First is his number of prescription medications. Haynes claims that when he was originally incarcerated, he was prescribed only one medication and is now

4

prescribed eleven.  (ECF No. 74, 4.).  The second reason is an alleged decline in heart health. When he was originally incarcerated, he allegedly had no history of cardiovascular artery disease. (*Id.*)  Since then, he has had one myocardial infarction and one "bout of unstable angina," both of which required hospitalization.  (*Id.*)  Third, Haynes claims that he was fully ambulatory when he began incarceration in 2016 but now requires a four-wheel walker to assist with walking.  (*Id.*) Finally, Haynes argues that his diagnoses of glaucoma, BPH, hypertension, and hyperlipidemia— all of which were diagnosed while he has been incarcerated—qualify as a "serious deterioration in physical health."  (*Id.* at 5.)  He also claims that recent diagnoses of moderate osteoarthritis in the patellofemoral lateral compartment and a severe degree of degenerative disc space narrowing of the lumbar spine, his elevated chance of developing prostate cancer, and his CT scan results evince serious deteriorations in his physical health.  (*See* ECF Nos. 77, 81).

In support of his argument, Haynes cites *United States v. Garcia*, No. 13-00884, 2020 WL 3547933 (D. Haw. June 30, 2020), and claims that the defendant in that case was granted compassionate release "for almost identical medical conditions, including glaucoma."  (ECF No. 77 at 3.)  While *Garcia* shares some similarities with Haynes's case, the defendant there did not have "almost identical" medical conditions, and *Garcia* is certainly not dispositive.  The defendant in *Garcia*, like Haynes, was 66 years old, suffered from a heart attack while in prison, developed glaucoma and lower back issues, and required a walker to mobilize.  *Garcia*, 2020 WL 3547933, at *6.  Crucially, however, *Garcia* was decided during the COVID-19 pandemic, and the Court specifically noted that there were "dangers posed to his health given the current COVID-19 pandemic."  *Id.* at *6.  Those same dangers are less immediate in the post-pandemic world in which we now live, and Haynes does not claim that his medical conditions make him particularly

vulnerable to COVID-19.[4]   Moreover, the defendant in *Garcia* suffered from chronic medical issues which Haynes does not purport to have, such as chronic congestive heart failure, asthma, and chronic obstructive pulmonary disease.[5]  *Id.* at *5.

Though we are sympathetic to Haynes's medical condition and find that his case presents a close call,[6] we conclude that he has not shown a "serious deterioration in physical [ ] health because of the aging process."  *See* U.S.S.G 1B1.13(b)(2).  Many of his diagnoses are properly treated by the BOP, and while no doubt unfortunate, cannot be said to "impair[] basic human functions."  *See Ordaz*, 2024 WL 4880748, at *10.  Courts have most often declined to find a "serious deterioration" in physical health when presented with defendants afflicted by such conditions.  *See United States v. Wise*, No. 12-00111, 2024 WL 170765, at *1 (N.D. Cal. Jan. 16, 2024) (finding defendant, who had hip and knee osteoarthritis, along with an enlarged prostate, treated hypertension, GERD, glaucoma, and an inguinal hernia with surgical referral, had not demonstrated serious deterioration in physical health); *United States v. Sabir*, 481 F. Supp. 3d 270,

---

[4] Haynes's first motion for compassionate release under Subsection (c)(1)(A)(i) was premised on the risks Haynes claimed COVID-19 presented.  (*See* ECF No. 62, 2.)  In a sealed order and memorandum opinion, the Court denied his motion.  (ECF Nos. 65, 66 (on file with Court).)  Haynes no longer claims the COVID-19 pandemic warrants an extraordinary and compelling reason for compassionate release.

[5] *Garcia* is also instructive because it shows why the Section 3553(a) factors weigh against Haynes's early release at this time.  We address those factors more fully in subsection III.b, *supra*.  We note here that the defendant in *Garcia* had only 18 months remaining on his sentence—a 10-year sentence for a single-count drug conspiracy charge.  Haynes has over 70 months remaining on his sentence, which was imposed for numerous child exploitation offenses.

[6] As one district court has noted, "[w]hat constitutes a 'serious deterioration' admits of some ambiguity."  *United States v. Shephard*, No. 7-85, 2021 WL 848720, at *6–7 (D.D.C. Mar. 4, 2021) (collecting cases).  Courts in the Third Circuit have likewise acknowledged difficulty with determining what constitutes a serious deterioration.  *See, e.g.*, *United States v. Brunetti*, No. 94-127-3, 2022 WL 685535, at *7 n.74 (E.D. Pa. Mar. 8, 2022) (finding no serious deterioration of physical health but noting that "[o]ther judges may find heart conditions like those faced by [defendant] may constitute sufficient medical grounds to allow a finding of extraordinary and compelling reasons for compassion release.").  Although we acknowledge that this ambiguity, in conjunction with Haynes's chronic and non-trivial medical conditions, made this decision challenging, we ultimately conclude that Haynes has not made the requisite showing of "extraordinary and compelling" reasons for release.

275 (S.D.N.Y. 2020) (finding no serious deterioration even where it was "probable" that defendant was suffering from prostate cancer); *United States v. Martines*, No. 94-127-3, 2022 WL 837243, at *6–8 (E.D. Pa. Mar. 21, 2022) (finding no serious deterioration where defendant was suffering from severe spinal stenosis and was issued a four-wheel walker by BOP); *United States v. Garcia*, 758 F. Supp. 3d 47, 56 (E.D.N.Y. 2024) (finding no serious deterioration where defendant was "experiencing unfortunate but common and non-serious age-related health conditions that are being appropriately managed and treated by the BOP").

Notwithstanding his various diagnoses, it appears that the only "basic human function" jeopardized by Haynes's medical condition is his ability to ambulate, for which he has been issued a four-wheel walker. His medical records reveal that he can fully ambulate with this walker, and prison records show that he recently completed an educational course entitled Wellness: Camp Walking and currently works at the FCI Elkton chapel. (ECF No. 71, Ex. A, Ex. B (on file with Court).) Considering the foregoing, we cannot conclude at this time that Haynes's need for a walker, even in conjunction with his other physical ailments, rises to the level of a "serious deterioration" in physical health under U.S.S.G. 1B1.13(b)(2). *See United States v. Kamuvaka*, No. 2:09-0294-01, 2023 WL 3737107, at *2–3 (E.D. Pa. May 31, 2023) (finding no serious deterioration in physical health where, despite "several medical conditions," defendant had completed educational courses and worked for the Recreation Department). Thus, we find that Haynes does not meet the extraordinary and compelling threshold for compassionate release.

**b.  Section 3553(a) Factors Weigh Against Haynes's Early Release.**

Even if we were to find an extraordinary and compelling reason for a reduction of Haynes's sentence, the Section 3553(a) factors[7] would still foreclose relief. *See United States v. Pawlowski*,

---

[7] The sentencing factors that courts consider when imposing a sentence under § 3553(a) include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

967 F.3d 327, 330–31 (3d Cir. 2020) (affirming district court's denial of compassionate release based on § 3553(a) factors).  In considering the factors under Section 3553(a), Haynes's request for compassionate release is denied because of the nature of his offenses and his history and characteristics, the importance that his sentence adequately reflects the seriousness of his offenses, and the need to afford adequate deterrence to criminal conduct.

The nature and circumstances of Haynes's offenses are abhorrent.  *See* 18 U.S.C. § 3553(a)(1).  Even at the time of sentencing, despite Haynes's acceptance of responsibility, the Court was not inclined to vary downwards from the sentencing guidelines due to the nature of these crimes.  (Sentencing Hr.'g Tr. 91 (under seal), ECF No. 61.)  The sentence imposed of 240 months' imprisonment reflects the very serious nature of child pornography and exploitation offenses and serves to deter others who might engage in similar conduct.  *See* 18 U.S.C. § 3553(a)(2).  Indeed, the United States Supreme Court has commented on the severity of child pornography offenses, noting, "[c]hild pornography harms and debases the most defenseless of our citizens." *United States v. Williams*, 553 U.S. 285, 307 (2008).

To his credit, Haynes acknowledges the seriousness of his offenses in his motion papers, for which we commend him.  (*See* ECF No. 74 at 5.)  The seriousness of his offenses, however, militates against reducing his sentence.  *See United States v. Bristol*, No. 18-00375, 2021 WL

---

(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for--
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the [Sentencing Guidelines].

18 U.S.C. § 3553(a).

2935980, at *3 (E.D. Pa. July 13, 2021) (finding 3553(a) factors weighed against compassionate release where defendant was convicted of using an interstate commerce facility to entice a minor to engage in illicit sexual conduct and demonstrated history of "prey[ing] on young girls"); *United States v. Ackerman*, No. 11-740, 2020 WL 5017618, at *1, 8–10 (E.D. Pa. Aug. 25, 2020) (finding 3553(a) factors did not support relief for 59-year-old who had served half of his sentence for "deeply disturbing," "horrifying," and "abhorrent" conduct including possessing and trading child pornography, performing sexual acts for minors via webcam, and attempting an in-person meeting with a minor he encountered online); *United States v. Mortensen*, No. 2:11-00095, 2020 WL 2549970, at *2 (D. Nev. May 19, 2020), *aff'd*, 822 F. App'x 634 (9th Cir. 2020) (denying compassionate release motion where defendant had no criminal history, reasoning that the "seriousness of his [child pornography] conviction" and the "predatory nature of [defendant's] conduct" could not be overlooked under the § 3553(a) factors).

A reduction of the Court's original sentence would also undermine the Court's attempt to use the sentence to promote respect for the law and serve as a deterrent for criminal conduct. Although Haynes has no previous criminal history, the nature of his crimes and the accusations against Haynes of sexual abuse that came to light after his case was publicized by the media convince us that reducing Haynes's sentence by nearly six years would compromise the public's respect for the law. *Cf. United States v. Ishmael*, No. 12-155, 2021 WL 567747, at *7 (E.D. Pa. Feb. 16, 2021) (denying compassionate release where defendant served "approximately seventy percent" of his total sentence but "the magnitude of his crimes . . . warrant[ed] the entire sentence he received"). Accordingly, the Section 3553(a) factors weigh against granting the Motion.

## IV.   CONCLUSION

For the foregoing reasons, Haynes's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) will be denied.  An appropriate Order follows.

**BY THE COURT:**


*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**
